UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

National Loan Acquisitions Company,

Plaintiff,

v.

Jerome W.H. Niswonger, et al.,

Defendants.

No. 2:20-cv-01113-KJM-DMC

ORDER

Plaintiff National Loan Acquisitions Company (NLAC) brought this action, seeking foreclosure on a promissory note and deed of trust executed by defendants Jerome W.H. and Brenda Niswonger. NLAC also alleges breach of contract. The Niswongers move to dismiss, arguing necessary and indispensable parties have not been joined. The court **denies** the motion.

## I.   BACKGROUND

The Niswongers are indebted to NLAC under a promissory note. *See generally* Promissory Note, Compl. Ex. A, ECF No. 1. The note is secured by a deed of trust encumbering a trust's interests in three office condominiums in Paradise, California, and the Niswongers are trustees of that trust. *See generally* Deed of Trust, Compl. Ex. D, ECF No. 1. The condominiums are part of the Paradise Medical Center Building Owners' Association (Association), which includes thirteen other units. Mem. at 2, ECF No. 11-1 (citing Niswonger Decl. ¶ 3, ECF No. 11-3).

All sixteen units are governed by a set of regulations described in a document the parties refer to as the "Covenants, Conditions and Restrictions" or "CC&Rs." Niswonger Decl. ¶ 3. These CC&Rs regulate the common areas and require members of the Association to pay regular cash contributions to the Association's common fund. *Id.* ¶ 4. The Niswongers contribute about 27 percent of the common fund. *Id.* The CC&Rs also address the rights of lenders in the event of a default. If a lender "acquires title to a Parcel as a result of a default under a mortgage or deed of trust," the lender is "obligated to perform all terms, covenants and conditions of the defaulting borrower-Owner." CC&Rs at 13, Niswonger Decl. Ex. B, ECF No. 11-3.

NLAC brought this action for breach of contract, alleging the Niswongers are in default, Compl. ¶ 48, ECF No. 1, and asserting NLAC is entitled to payment of the principal, interest and other amounts owing in full or, in the alternative, foreclosure of the three condominium units, *id* ¶¶ 49 & 52. The Niswongers move to dismiss, claiming the owners of the other thirteen condominiums that are a part of the Association are "necessary" and "indispensable" parties under Federal Rule of Civil Procedure 19(a)–(b). Mot., ECF No. 11; Mem., ECF No. 11-1; Reply, ECF No. 34. NLAC opposes. Opp'n, EFC No. 30. The court submitted the matter without hearing. Min. Order, ECF No. 33.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) allows a litigant to request dismissal for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "Federal Rule of Civil Procedure 19 imposes a three-step inquiry." *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (footnote and citation omitted). In the first step, the court asks if the absent party is "necessary . . . under Rule 19(a)." *Id.* A party may be necessary under Rule 19 if:

(1)    "in his absence, the court cannot accord complete relief among existing parties," *id.* (citing Fed. R. Civ. P. 19(a)(1)(A));

(2)    "he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest," *id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)); or

/////

2

(3)      "he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest," *id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).

The inquiry called for under Rule 19 is fact-specific and practical. *N. Alaska Envt'l. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir.1986); *Camacho v. Major League Baseball*, 297 F.R.D. 457, 460–61 (S.D. Cal. 2013). For this reason, it may be necessary for the court to review evidence beyond the pleadings. *Camacho*, 297 F.R.D. at 461 (quoting *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir.1960)). The defendants, as the moving parties, "bear the burden in producing evidence in support of the motion." *Id.* (quoting *Biagro W. Sales Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001)).

## III. ANALYSIS

A few details about the parties' arguments are important to understand as a starting point. The Niswongers argue the owners of the other thirteen condominium units are necessary parties because they "all have an interest in the Association's common fund" and because the Niswongers intend to reclaim the money they have paid into the fund. Mem. at 4. The Niswongers claim their reclaiming the funds as planned would create a dispute over rights to the common fund between them, the other owners and NLAC. *Id.* The Niswongers also claim "the court cannot accord complete relief" in the other owners' absence and proceeding without them would leave the Niswongers "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id.* at 4–5. They do not argue the absent owners have an interest in this action or that resolving this action in those owners' absence will impair or impede their ability to protect their interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

NLAC contends the other owners are not necessary parties because their interests are not affected by this litigation. NLAC insists "[t]he purchaser at the foreclosure sale will simply step into the Niswongers' shoes as to the ownership interest in the Common Area," Opp'n at 7, and "[w]hile the Niswongers and the Other Owners may have an interest in the Association Common Fund . . . , the Association Common Funds would appear to be in fact owned by the Association," */////*

*Id.* at 8 (concluding as much based on association's independent entity status and its actual possession of the funds).

The Niswongers have not met their burden to show the other owners are necessary parties. First, the Niswongers have not shown "the court cannot accord complete relief" without the other owners. As NLAC correctly points out, the deed of trust is not secured by any interest in the common fund. Opp'n at 8; *see generally* Promissory Note; Deed of Trust. Whomever "acquires title [to the property] . . . shall be obligated to perform all terms, covenants and conditions of the defaulting borrower Owner," CC&Rs at 13, including payments into the common fund, *id* at 7, 13. Furthermore, no evidence shows any one party's interest in the common fund would prevent a resolution of the contract claims here. There is, in other words, no evidence of any risk that a judgment in this case would effect only "hollow relief" without the other owners at the table or that their joinder is necessary to prevent "multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). If the Niswongers' actions following the outcome of this case do give rise to conflicts between the Niswongers and the other owners, there is no indication those conflicts cannot be resolved in separate litigation. *See Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) ("[Rule 19(a)(1)(A)] is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." (citations and quotation marks omitted)).

Second, for similar reasons, the Niswongers have not established they are at "risk of incurring double, multiple, or otherwise inconsistent obligations," Mem. at 4, if the other owners are not joined. Specifically, the Niswongers have not shown this court must address any other party's obligations under the CC&Rs or any other party's rights to the common fund in order to ultimately resolve the issues raised by this suit.

Persuasive authority from within this circuit supports this conclusion. When owners' associations have been necessary parties in other actions, the absent parties' interests were clearly and directly implicated. *Compare Thunder Properties, Inc. v. Wood*, No. 14-00068, 2015 WL 1926768, at *4 (D. Nev. Apr. 28, 2015) (finding homeowner's association was not necessary

4

party in foreclosure action where "ultimate relief sought . . . is the quieting of title," when HOA did not claim any interest in title and its absence did "not inhibit the [c]ourt's ability to provide the requested relief"), *with Royal Travel, Inc. v. Shell Mgmt. Hawaii, Inc.*, No. 08-00314, 2009 WL 2448495, at *4 (D. Haw. Aug. 11, 2009) (holding plaintiff unit owners were necessary parties because requested relief required court "decide issues regarding the common finances, invalidate Board votes . . . , and define the boundaries of the house rules . . . necessarily affect[ing] the [party's] interests as owners of the common elements"). Unlike in *Royal Travel*, the court here would not need to invalidate Board votes, define Association rules, or affect the interest of the other owners or the association in order to grant the relief sought by NLAC.

## IV. CONCLUSION

Because the other owners are not necessary parties who must be joined to this action, **the motion is denied**.

This order resolves ECF No. 11.

IT IS SO ORDERED.

DATED: July 14, 2021.

CHIEF UNITED STATES DISTRICT JUDGE